USAO Rev. 9/20

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA )
)
v. )
) Criminal Action No. 21-01-UNA
SAMUEL GULICK, )
)
Defendant. )

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, David C. Weiss, United States Attorney for the District of Delaware, and Adrienne Dedjinou, Assistant United States Attorney, and the defendant, Samuel Gulick, by and through his attorney, Conor Wilson, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall waive indictment and plead guilty in the United States District Court for the District of Delaware to a two-count Information, charging him with: Intentional Damage to a Facility that Provides Reproductive Health Service, in violation of 18 U.S.C. § 248(a)(3) (Count One); and Possession of an Unregistered Destructive Device under the National Firearms Act (Molotov Cocktail), in violation of 26 U.S.C. § 5861(d) (Count Two).

2. The defendant understands that the maximum penalties for Count One are: 1 year of imprisonment; a $100,000 fine; up to 1 year of supervised release; restitution; and a $25 special assessment. The defendant understands that the maximum penalties for Count Two are: 10 years of imprisonment; a $250,000 fine; up to 3 years of supervised release; and a $100 special assessment.

FILED

FEB -4 2021

U.S. DISTRICT COURT DISTRICT OF DELAWARE

3.  The defendant understands that if there were a trial with regard to Count One, the government would have to prove the following elements beyond a reasonable doubt: (1) the defendant intentionally damaged or destroyed the facility described in the Information; and (2) the defendant did so knowingly and because the facility was being used to provide reproductive-health services. The defendant knowingly, voluntarily, and intelligently admits his guilt to each of the above-described elements of Count One.

4.  The defendant understands that if there were a trial with regard to Count Two, the government would have to prove the following elements beyond a reasonable doubt: (1) the defendant knowingly possessed a destructive device; (2) the destructive device was a "Molotov Cocktail"; (3) the defendant knew of the characteristics of the destructive device, that is that it was a "Molotov Cocktail"; (4) the destructive device was in operating condition; and (5) the destructive device was not registered to the defendant in the National Firearms Registration and Transfer Record. It does not matter whether the defendant knew that the firearm/destructive device was not registered or had to be registered. The defendant knowingly, voluntarily, and intelligently admits his guilt to each of the above-described elements of Count Two.

5.  The defendant is pleading guilty to Counts One and Two of the Information because he is, in fact, guilty.

2

6. Pursuant to Section 6B1.4 of the November 1, 2018, edition of the United States Sentencing Guidelines Manual ("U.S.S.G."), the parties enter into the following stipulations:

   a. The offense conduct involved a Molotov Cocktail, which is a "firearm" as defined by 26 U.S.C. 5845(a) and 18 U.S.C. 921(a)(3), as well as a "destructive device" as defined by 26 U.S.C. § 5845(f) and 18 U.S.C. 921(a)(4).

   b. Because the offense involved a "firearm," the defendant's base offense level is 18 pursuant to U.S.S.G. § 2K2.1(a)(5).

   c. Because the offense involved a "destructive device," the defendant is subject to a two-level enhancement pursuant to U.S.S.G § 2K2.1(b)(3)(B).

   d. Because the defendant used a "firearm" in "connection with another felony offense" – namely, Arson in the Second Degree, in violation of 11 Del. C. § 802 – he is subject to a four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(6)(B).

   e. Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with the acceptance of responsibility, the United States agrees that in consideration of the defendant's timely guilty plea, it will not oppose a two-level reduction in the Offense-Level pursuant to U.S.S.G. § 3E1.1(a).

3

> Further, should it be determined that the defendant's Offense Level is 16 or greater prior to the application of the aforementioned two-level reduction, the United States agrees that the defendant's Offense Level should be reduced by one additional level, pursuant to U.S.S.G. § 3E1.1(b), for a total reduction of three levels.

It is understood and agreed that: (1) the parties are free to argue (except as stated above) the applicability of any other provision of the Sentencing Guidelines, including offense conduct, offense characteristics, criminal history, adjustments, and departures; (2) these stipulations are not binding upon either the Probation Office or the Court; and (3) the Court may make factual and legal determinations that differ from these stipulations and that may result in an increase or decrease in the Sentencing Guidelines range and the sentence that may be imposed.

7. The United States retains the right to make whatever recommendations at the time of sentencing that it believes are appropriate and to defend the rulings of the District Court at any subsequent proceeding.

8. The defendant agrees not to request a sentence lower than 24 months.

9. The defendant understands that the District Court must consider the United States Sentencing Guidelines, the applicable statutory maximum penalties, and the factors set forth in 18 U.S.C. § 3553(a) in determining an appropriate sentence. The defendant understands that the ultimate determination of an

4

appropriate sentence will be up to the sentencing judge. The Court may impose a sentence that exceeds, falls below, or is contained within the sentencing range prescribed by the Sentencing Guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the Sentencing Guidelines, is otherwise different than the defendant expected, or is contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

10. The defendant agrees to voluntarily forfeit the AR-15 rifle and all ammunition for the AR-15 rifle, seized by the FBI on January 4, 2020, during the search of the defendant's residence. The defendant agrees to waive any and all interests in any such Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such Property and waives the requirements of Federal Rule of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in the defendant's presence at sentencing, and incorporation of the forfeiture in the judgment, as well as any applicable deadlines required by 18 U.S.C. § 983(a). The defendant acknowledges that he understands that forfeiture of the Property, if the government elects to conduct the forfeiture criminally, will be part of the sentence imposed upon the defendant in this case, and the defendant waives any failure by the Court to advise

5

the defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the guilty plea is accepted. Pursuant to Rule 32.2(b)(3), the defendant will promptly consent to the preliminary order of forfeiture becoming final as to the defendant before sentencing if requested by the government to do so.

11. The defendant knows that he has, and voluntarily and expressly waives, the right to file any appeal, any collateral attack, or any other writ or motion after sentencing – including, but not limited to, an appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, or a motion under 28 U.S.C. § 2255. Notwithstanding the foregoing, the defendant reserves the right to do the following: (1)) file an appeal or other collateral motion on the grounds that he received ineffective assistance of counsel, and (3) appeal his sentence if: (a) the government appeals from the sentence; (b) the defendant's sentence exceeds the statutory maximum for the offense set forth in the United States Code; or (c) the District Court imposes an "upward variance" above the final Sentencing Guideline range that it determines at sentencing.

12. The defendants agreed to pay the $100 special assessment the day of sentencing. Should he fail to do so, or should he have other outstanding financial responsibilities as a result of his plea of guilty to Counts One and Two, the defendant agrees to voluntarily enter the United States Bureau of Prisons' Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

6

13. This Memorandum expressly incorporates Exhibit A, which is attached hereto and filed under seal. The government routinely files such an exhibit, even though it may or may not contain additional terms. To the extent, however, that Exhibit A contains additional terms, the parties acknowledge and agree to be bound by those terms.

14. Pursuant to 18 U.S.C. § 3663A the defendant agrees to the entry of a Restitution Order for the full amount of the victims' losses attributable to the defendant's activities as ordered by the Court, and expected to include: approximately $17,000. The defendant understands that an unanticipated amount of a restitution order will not serve as grounds to withdraw his guilty plea.

////

15. It is further agreed by the undersigned parties that this Memorandum – together with sealed Exhibit A – supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification provisions of this paragraph.

DAVID C. WEISS
UNITED STATES ATTORNEY

_____
Conor Wilson, Esquire
Attorney for Defendant

By: _____
Adrienne Dedjinou
Assistant United States Attorney

_____
Samuel Gulick, Defendant

Dated: 11/4/2020

AND NOW, this 11th day of February, 2021 the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
THE HONORABLE [JUDGE NAME]
UNITED STATES DISTRICT JUDGE

8