

U.S. Department of Justice

*United States Attorney's Office*
*District of Delaware*

*The Hercules Building*
*1313 N. Market Street, Suite 400*
*P. O. Box 2046*
*Wilmington, Delaware   19899-2046*

March 7, 2022

**VIA ECF**

The Honorable Leonard P. Stark
United States District Judge
District of Delaware
844 King Street
Wilmington, DE 19801

      Re:    **United States v. Samuel Gulick**
               **Criminal Action No. 21-1-LPS**

Dear Judge Stark:

      Please accept this letter in advance of Samuel Gulick's sentencing, currently scheduled for March 9, 2022. The government agrees with the defendant's sentencing recommendation – namely, a prison term of time-served (26 months and 5 days), to be followed by a three-year period of supervised release. And while on supervised release, the defendant will participate in a structured behavioral treatment plan in a secure environment.[1]

      After midnight on January 3, 2020, the defendant fire-bombed the Newark Planned Parenthood facility. (PSR ¶ 16).[2] Minutes before doing so, he spray-painted "Deus Vult" – Latin for "God Wills" – on the front of the building as a chilling message for any onlookers. (PSR ¶¶ 17, 27-28). As the defendant would later

---

[1] As it does in every case, the United States submits a sealed Attachment A along with this letter.

[2] Citations to the PSR herein are to the Second Revised Presentence Investigative Report of March 3, 2022 (D.I. 56).

1

admit, he committed this crime to "scare" women from obtaining abortions. (PSR ¶ 27).

This conduct is egregious. It would be reasonable for the government to seek the most substantial prison sentence available here. But there are compelling reasons not to do so.

At the time, Gulick was 18 years old and still in high school. (PSR ¶ 23). The defendant also has autism spectrum disorder ("ASD") – a complex neurobehavioral condition characterized by impaired social interaction and communication, as well as the presence of repetitive and stereotypic patterns of behaviors and interests. (PSR ¶ 83). Based on Gulick's age, ASD, and other mental and physical health challenges, experts agree that more prison time is not likely to change the defendant's behavior. Rather, a long-term treatment plan in a noncustodial setting will provide the best opportunity for the defendant to reform himself, thereby mitigating future criminal activity.

After the defendant's arrest, the Federal Bureau of Investigation's Behavioral Analysis Unit ("BAU") performed a threat assessment in this case. This included a review of the defendant's prior mental health and medical records, an independent diagnosis by a clinical forensic psychologist (Dr. Thomas Haworth), as well an extended in-person interview. (PSR ¶¶ 23-28, 81-90). BAU opined that an extended period of incarceration could entrench the defendant's mindset without providing him with the skills needed to change his life. Instead, BAU recommended that law enforcement explore a comprehensive, long-term treatment plan to address the defendant's psychological, medical, and behavioral needs.

Thereafter, the defendant was evaluated by court-appointed behavioral analyst Dr. Laurie Sperry – a nationally renowned ASD expert. (PSR ¶ 91-94). BAU and Dr. Sperry have worked together for the past several months to craft a detailed, evidence-based treatment plan for Gulick. This treatment plan takes a phased approach, providing the defendant with increasing opportunities for growth and change as he participates in therapy, while taking safeguards to protect the public in the event of a relapse into antisocial behavior. The particulars are described in Dr. Sperry's report (attached to the defendant's sentencing memorandum as Exhibit C) and have been approved by the United States Probation Office. The details include the following:

- Gulick will be released from custody into the Delaware Residential Reentry Center ("RRC") for a period of 12 months. As the Court is aware, this is a secure facility. While there, the

  defendant will be subject to location monitoring through an ankle bracelet.

- At the RRC, Gulick will attend virtual counseling sessions with Dr. Sperry twice a week, abide by her treatment plan, and adhere to any medical treatment recommendations. The defendant will not have unmonitored access to the Internet, computers, or smartphones. Gulick will also be prohibited from having contact with his former connections at the New School (where he developed a hyper-focused and radicalized fascination with Roman Catholicism – *see* PSR ¶ 66).

- If Gulick makes appropriate progress, he will be afforded additional privileges while at the RRC, such as visits to the library and participation in volunteer work.

- If the defendant continues to progress, Dr. Sperry and Probation will evaluate whether he is ready for a less-restrictive environment. One possibility is the Wisdom Ranch – a private, out-of-state vocational school in remote Idaho – where the defendant would continue his mental-health treatment.

This sentencing recommendation strikes a balance. Consequences are necessary to address the seriousness of the defendant's conduct. A 26-month jail sentence accomplishes that. But just as important is the need to protect the public. Experts agree that the treatment plan outlined above provides the best opportunity for Gulick to change his behavior. And since it will be administered while the defendant is in a secure environment – and under the careful watch of Probation and the Court – this approach safeguards the community in the process.

                              Respectfully submitted,

                              DAVID C. WEISS
                              UNITED STATES ATTORNEY

                       BY: /s/ Shawn A. Weede
                              Shawn A. Weede
                              Ruth Mandelbaum
                              Assistant United States Attorneys

cc:    Conor Wilson (via ECF)